DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Jacqueline Thomas ("Thomas"), appeals from the decision of the Lorain County Court of Common Pleas. This Court reverses. *Page 2 
 I. {¶ 2} On June 22, 2007, Appellee Kelly Matthieu ("Matthieu") filed a petition for a writ of habeas corpus. Thomas, Warden of the North Coast Correctional Treatment Facility, filed a motion for summary judgment, arguing that the petition should be denied because Matthieu had an adequate alternative legal remedy, he was not entitled to release from prison, and because he failed to attach all of his commitment papers. Further, Thomas contended that costs should be assessed to Matthieu. On September 14, 2007, the Lorain County Court of Common Pleas granted Thomas' motion for summary judgment finding that Matthieu had an adequate remedy at law but failed to utilize it. The trial court then, without analysis, assessed costs to Thomas. Thomas timely appealed from the imposition of costs, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE LORAIN COUNTY COMMON PLEAS COURT ERRED IN ASSESSING COSTS TO [THOMAS] IN THE TOTAL ABSENCE OF ANY STATUTORY AUTHORITY."
 {¶ 3} In her sole assignment of error, Thomas contends that the trial court erred in assessing costs to her in the absence of any statutory authority. We agree.
 {¶ 4} Matthieu's habeas corpus petition was brought pursuant to R.C.2725.01 et seq. R.C. 2725.28 governs fees and costs in habeas corpus proceedings. The statute states that: *Page 3 
 "The fees of officers and witnesses shall be taxed by the judge, on return of the proceedings on a writ of habeas corpus, and collected as a part of the original costs in the case. When the prisoner is discharged, the costs shall be taxed to the state, and paid out of the county treasury, upon the warrant of the county auditor. No officer or person shall demand payment in advance for any fees to which he is entitled by virtue of the proceedings, when the writ is demanded or issued for the discharge from custody of a person confined under color of proceedings in a criminal case. When a person in custody by virtue or under color of proceedings in a civil case is discharged, costs shall be taxed against the party at whose instance he was so in custody. If he is remanded to custody, costs shall be taxed against him." (Emphasis added.) R.C. 2725.28.
Accordingly, costs are appropriately assessed against the petitioner of an unsuccessful habeas corpus petition. State ex rel. Recker v.Leonard (2000), 88 Ohio St.3d 223, 224. In the instant case, Matthieu's habeas corpus petition was unsuccessful, yet the trial court assessed "[c]osts to Defendant Jacqueline Thomas, Warden." The trial court did not state or explain any reasoning for assessing costs to the prevailing party.
 {¶ 5} R.C. 2969.22(A) requires a prisoner to pay the fees associated with the filing of a civil action against a governmental entity or employee. See Jolly v. Anderson, 9th Dist. No. 03CA008210, 2003-Ohio-3142, at ¶ 5 (a habeas corpus petition is a civil action). R.C. 2969.22(A)(1)(c) provides for "all income in the inmate account of the inmate [to] be forwarded to the clerk of the court during each calendar month following the month in which the inmate filed the civil action or appeal until the total payment of the requisite fees occurs." However, the first ten dollars in the account are excluded from the forwarding requirement. R.C. *Page 4 2969.22(A)(1)(c). Furthermore, if an inmate seeks a waiver of the payment of the filing fees,
 "the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
 "(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
 "(2) A statement that sets forth all other cash and things of value owned by the inmate at that time." (Emphasis added.) R.C. 2969.25(C).
 {¶ 6} We note that on June 22, 2007, Matthieu filed an affidavit of indigency. In compliance with this section, Matthieu's affidavit was accompanied by a certified statement from the institutional cashier. According to the statement, in addition to his average monthly state pay of $15.75, Matthieu had $578.89 in total funds received from all sources, excluding state pay. Matthieu, however, spent a total of $494.00 in the inmate's commissary and, therefore, had $84.88 left in his account. We note, however, that R.C. 2969.25(C) refers to the "waiver of the prepayment of the court's full filing fees[,]" not costs assessed after a petition for an unsuccessful habeas corpus petition. (Emphasis added.) Further, R.C. 2969.22(A)(2) states that "[t]he procedures described in this section apply notwithstanding any contrary court rule or the filing of a poverty affidavit." Accordingly, under R.C. 2725.28, the court was required to assess costs to *Page 5 
Matthieu, and under R.C. 2969.22 Matthieu was required to pay them. Therefore, Thomas' assignment of error is sustained.
 III. {¶ 7} Thomas' assignment of error is sustained and the judgment of the *Page 6 
Lorain County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
CARLA MOORE FOR THE COURT
 CARR, P. J. DICKINSON, J. CONCUR
 *Page 1